## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Andrew J. Moore,<br><br>                              *Debtor*. | Case No. 25-10169-amc<br>Chapter 7 |

**Motion for Sanctions Against the Pennsylvania Department of Transportation for Violation of the Automatic Stay**

Debtor Andrew J. Moore, through his attorney, moves this Court for an order imposing sanctions against the Pennsylvania Department of Transportation ("PennDOT") for willful violation of the automatic stay under 11 U.S.C. § 362, and in support states as follows:

**Background**

1. The Debtor filed a voluntary petition for relief under chapter 7 on January 15, 2025.

2. At the time of filing, the Debtor had outstanding toll violations owed to the Pennsylvania Turnpike Commission.

3. The toll debt was listed on Schedule E/F, and PennDOT was notified of the bankruptcy by the Bankruptcy Noticing Center on January 18, 2025.

4. On February 6, 2025, PennDOT suspended the Debtor's vehicle registration under 75 Pa.C.S. § 1380 due to the toll debt.

5. PennDOT has failed to reinstate the Debtor's vehicle registration and continues to enforce the suspension, thereby taking an action to collect a prepetition debt in violation of the automatic stay under 11 U.S.C. § 362(a).

6. The Debtor, through his attorney, contacted PennDOT's counsel on February 13, 2025, and February 20, 2025, and advised that its actions violated the automatic stay. Yet PennDOT has failed to respond or reinstate the vehicle registration.

7. As a direct result of PennDOT's willful violation of the automatic stay, the Debtor has suffered damages, including, but not limited to, the inability to legally operate the Debtor's vehicle, causing significant hardship; emotional distress due to the unlawful enforcement action; and attorney fees and costs incurred in bringing this Motion.

**Legal Argument**

8. The automatic stay under 11 U.S.C. § 362(a) prohibits any act to collect, recover, or enforce a prepetition debt against the Debtor.

9. PennDOT's failure to reinstate the Debtor's registration is an attempt to coerce payment of a prepetition debt and constitutes a willful violation of the automatic stay.

10. A violation of the automatic stay is "willful" when the creditor knows of the stay and intentionally takes an action that violates it.

11. Here, PennDOT received notice of the Debtor's bankruptcy but has failed to comply with the automatic stay.

12. Pursuant to 11 U.S.C. § 362(k)(1), an individual injured by a willful violation of the automatic stay is entitled to actual damages, including attorney fees, and, in appropriate circumstances, punitive damages.

13. Given PennDOT's continued failure to comply with the stay despite notice and opportunity to correct its actions, sanctions, including actual damages and punitive damages, are warranted.

## Relief Requested

The Debtor respectfully requests that this Court: (a) find that PennDOT willfully violated the automatic stay; (b) order PennDOT to immediately reinstate Debtor's vehicle registration; (c) award the Debtor actual damages, including attorney fees and costs; (d) award punitive damages against PennDOT; and (e) grant such other and further relief in the Debtor's favor if necessary and proper under the law.

Date: February 21, 2025            SADEK LAW OFFICES, LLC
                                   *Attorney for Debtor*

                                   By: /s/ Brad J. Sadek, Esq.
                                       Brad J. Sadek, Esq.
                                       1500 JFK Boulevard, Suite 220
                                       Philadelphia, PA 19102
                                       215-545-0008
                                       brad@sadeklaw.com

## Certificate of Service

I certify that on this date, I did cause a copy of this document and all attachments to be electronically served on all parties on the Clerk's service list that are registered to receive notices through the CM/ECF system. I did not serve anyone by mail.

Date: February 21, 2025            /s/ Brad J. Sadek
                                   Brad J. Sadek