**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Andrew J. Moore,<br><br>                              *Debtor*. | Case No. 25-10169-amc<br>Chapter 7 |

**Motion to Expedite Hearing on Debtor's Motion for Sanctions**
**Against the Pennsylvania Department of Transportation**
**for Violation of the Automatic Stay**

Debtor Andrew J. Moore, through his attorney, moves this Court for an order scheduling an expedited hearing on the Debtor's Motion for Sanctions Against the Pennsylvania Department of Transportation ("PennDOT") for Violation of the Automatic Stay, and in support thereof states as follows:

**Background**

1. The Debtor filed a voluntary petition for relief under chapter 7 on January 15, 2025. Despite receiving notice of the bankruptcy filing, PennDOT has suspended the Debtor's vehicle registration to coerce payment of prepetition toll debts, preventing the Debtor from lawfully operating his vehicle.

2. On February 21, 2025, the Debtor filed a motion for sanctions against PennDOT for its willful violation of the automatic stay. The next available regular hearing date is April 2, 2025, but given the ongoing hardship caused by the registration suspension, an expedited hearing is necessary.

**Grounds for Expedited Relief**

3. The Debtor is suffering immediate and irreparable harm as a result of PennDOT's actions. The inability to lawfully operate his vehicle prevents the Debtor from commuting to work and meeting essential obligations, creates financial

hardship due to additional transportation costs, and continues to violate the protections of the automatic stay.

4. Expedited consideration is appropriate to prevent further harm, and Debtor respectfully requests that this Motion be scheduled for hearing on March 4, 2025, or the earliest available date before April 2, 2025.

5. The Debtor's attorney has made multiple attempts to contact PennDOT's counsel about this matter but has received no response to date. As a result, the consultation with interested parties required by L.B.R. 5070-1(g)(1) has not been possible.

6. There is ample time before the requested expedited hearing date for effective service of process on PennDOT, ensuring that it has adequate notice and an opportunity to respond.

For those reasons, the Court must enter relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: February 21, 2025         SADEK LAW OFFICES, LLC
                                *Attorney for Debtor*

                                By: /s/ Brad J. Sadek, Esq.
                                    Brad J. Sadek, Esq.
                                    1500 JFK Boulevard, Suite 220
                                    Philadelphia, PA 19102
                                    215-545-0008
                                    brad@sadeklaw.com

## Certificate of Service

      I certify that on this date, I did cause a copy of this document and all attachments to be electronically served on all parties on the Clerk's service list that are registered to receive notices through the CM/ECF system. I did not serve anyone by mail.

Date: February 21, 2025                /s/ Brad J. Sadek
                                              Brad J. Sadek